UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEWPORT CREATIVE<br>   COMMUNICATIONS, INC.<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN DIABETES<br>   ASSOCIATION,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-10264-PBS<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiff Newport Creative Communications, Inc. replies to the counterclaim of Defendant American Diabetes Association as follows:

### FIRST COUNTERCLAIM (BREACH OF CONTRACT)

#### PARTIES AND JURISDICTION

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

#### FACTUAL BACKGROUND

32. Admitted.

33. Plaintiff admits that Defendant is a national non-profit organization and that it describes its mission as stated in paragraph 33. Plaintiff is otherwise without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.

34. Plaintiff admits that Defendant conducts direct mail campaigns to solicit new donors to Defendant's organization and to solicit renewed donations from Defendant's contributor base. Plaintiff is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34.

35. Admitted, except that the Agreement was not effective March 25, 2002, but was effective July 1, 2002, and except that Defendant has incorrectly attached three separate documents as Schedule A to the Agreement whereas there was only one schedule which was effective.

36. Admitted, except that Defendant quotes only a portion of the Agreement.

37. Admitted, except that Defendant quotes only a portion of the Agreement.

38. Admitted, except that Defendant quotes only a portion of the Agreement.

39. Plaintiff admits that it was to be paid a monthly retainer of $28,750, but denies the remaining allegations of paragraph 39.

40. Denied, Plaintiff stating that Defendant has incorrectly attached three separate documents as Schedule A to the Agreement whereas there was only one schedule which was effective, and further that paragraph 3.c. of the Agreement states that Schedule A is "a good faith estimate of budgeted costs".

41. Plaintiff admits that the correct Schedule A is a "good faith estimate of budgeted costs" which was negotiated by the parties as a part of the contract negotiations, and which was altered in August 2002. Plaintiff admits that the correct Schedule A contains good

faith estimates of budgeted costs for various packages, including those to "control groups", "test groups", "follow up", and so-called "Research Partners". Defendant otherwise denies the allegations of paragraph 41.

  42. Denied.

  43. Plaintiff admits that each of the July 2002 acquisition control packages was invoiced at a total cost per thousand pieces below the good faith estimates stated in Schedule A, but denies that there was a cost per thousand rate "agreed to by Plaintiff and Defendant" for any particular line item of direct mail service. Plaintiff otherwise denies the remaining allegations of paragraph 43.

  44. Denied.

  45. Plaintiff states that its invoices contained the total and correct mail quantity as subsequently confirmed by the postal forms 3602, and included costs by individual line items and categories. It further states that its invoices contained all information required for Defendant to determine that the amounts invoiced were final and correct, that Defendant was obligated to pay the invoice within 30 days after receipt of a final and correct invoice, that Defendant's payment of the invoice was based upon a determination that the invoice was final and correct, and that Plaintiff was entitled to rely upon such payment in its continuing performance of services under the contract and in its future invoicing to Defendant for such services. Plaintiff otherwise denies the allegations of paragraph 45.

  46. Plaintiff admits that Defendant paid certain of Plaintiff's invoices, but denies that "Plaintiff was charging more than the price agreed upon in Schedule A". Plaintiff denies the remaining allegations of paragraph 46.

47. Admitted.

48. Denied.

49. Denied, Defendant having had, prior to payment of any invoice, all of the information necessary for it to make its determination as to the correctness of such invoice.

## CAUSE OF ACTION

50. Plaintiff hereby incorporates herein its responses as stated above to the allegations made in paragraphs 28 to 49 of Defendant's counterclaim.

51. Admitted, except that the effective date of the Agreement was July 1, 2002.

52. Plaintiff denies that Defendant performed all of its obligations under the Agreement, and specifically denies that Defendant paid Plaintiff's invoices as required under the Agreement. Plaintiff admits that Plaintiff performed all of its obligations under the Agreement, including that Plaintiff performed all services as requested by Defendant, that Plaintiff issued timely, final and correct invoices for its services, and that Plaintiff provided to Defendant on each invoice all information necessary for Defendant to make an informed determination whether Plaintiff's invoices were final and correct, and that Defendant did so prior to paying those invoices which it paid. Plaintiff further admits that prior to Plaintiff calling upon Defendant to pay the invoices which were outstanding as of August 2003, which Defendant had deliberately failed to pay, Defendant did not at any time claim that Plaintiff's invoices were incorrect in any manner whatsoever. Plaintiff otherwise denies the allegations of paragraph 52.

53. Denied.

54. Plaintiff denies that there was any overcharging, and states that Plaintiff's invoices contained all information required for Defendant to determine that the amounts invoiced were final and correct, that Defendant was obligated to pay the invoice within 30 days after receipt of a final and correct invoice, that Defendant's payment of the invoice was based upon a determination that the invoice was final and correct, and that Plaintiff was entitled to rely upon such payment in its continuing performance of services under the contract and in its future invoicing to Defendant for such services. Plaintiff denies all remaining allegations of paragraph 54.

55. Plaintiff admits that Defendant demanded that Plaintiff pay it monies, but denies that it overcharged Defendant. Plaintiff further denies that Defendant's demand was made in good faith, and denies all remaining allegations of paragraph 55.

56. Plaintiff admits that Defendant failed to offer Plaintiff any factual basis for Defendant's claim that Plaintiff had overcharged Defendant, and that Plaintiff denies any obligation to "reimburse" Defendant as no reimbursement is due. Plaintiff denies all remaining allegations of paragraph 56.

57. Denied.

## SECOND COUNTERCLAIM (UNJUST ENRICHMENT)

58. Plaintiff hereby incorporates herein its responses as stated above to the allegations made in paragraphs 28 to 57 of Defendant's counterclaim.

59. Denied.

60. Plaintiff denies that there was any overcharging, and states that Plaintiff's invoices contained all information required for Defendant to determine that the amounts

invoiced were final and correct, that Defendant was obligated to pay the invoice within 30 days after receipt of a final and correct invoice, that Defendant's payment of the invoice was based upon a determination that the invoice was final and correct, and that Plaintiff was entitled to rely upon such payment in its continuing performance of services under the contract and in its future invoicing to Defendant for such services. Plaintiff denies all remaining allegations of paragraph 60.

61.  Plaintiff admits that Defendant demanded that Plaintiff pay it monies, but denies that it overcharged Defendant. Plaintiff further denies that Defendant's demand was made in good faith. Plaintiff denies all remaining allegations of paragraph 61.

62.  Plaintiff admits that Defendant failed to offer Plaintiff any factual basis for Defendant's claim that Plaintiff had overcharged Defendant, and that Plaintiff denies any obligation to "reimburse" Defendant as no reimbursement is due. Plaintiff denies all remaining allegations of paragraph 62.

## THIRD COUNTERCLAIM (ACCOUNT ANNEXED)

63.  Plaintiff hereby incorporates herein its responses as stated above to the allegations made in paragraphs 28 to 63 of Defendant's counterclaim.

64.  Denied.

65.  Plaintiff denies that there was any overcharging, and states that Plaintiff's invoices contained all information required for Defendant to determine that the amounts invoiced were final and correct, that Defendant was obligated to pay the invoice within 30 days after receipt of a final and correct invoice, that Defendant's payment of the invoice was based upon a determination that the invoice was final and correct, and that Plaintiff was

entitled to rely upon such payment in its continuing performance of services under the contract and in its future invoicing to Defendant for such services. Plaintiff denies all remaining allegations of paragraph 65.

66. Denied.

## FOURTH COUNTERCLAIM (MASSACHUSETTS GENERAL LAW c. 93A) (UNFAIR AND DECEPTIVE TRADE PRACTICES)

67. Plaintiff hereby incorporates herein its responses as stated above to the allegations made in paragraphs 28 to 66 of Defendant's counterclaim.

68. Admitted.

69. Plaintiff denies that there was any overcharging, and states that Plaintiff's invoices contained all information required for Defendant to determine that the amounts invoiced were final and correct, that Defendant was obligated to pay the invoice within 30 days after receipt of a final and correct invoice, that Defendant's payment of the invoice was based upon a determination that the invoice was final and correct, and that Plaintiff was entitled to rely upon such payment in its continuing performance of services under the contract and in its future invoicing to Defendant for such services. Plaintiff denies all remaining allegations of paragraph 69.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense.

Defendant's counterclaims are barred by the doctrine of estoppel.

### Second Affirmative Defense.

Defendant's counterclaims are barred by Defendant's unclean hands.

**Third Affirmative Defense.**

Defendant's counterclaims fail to state a claim upon which relief can be granted because all payments made by Defendant to Plaintiff were made for services requested by Defendant and rendered by Plaintiff prior to submission of invoices for such services to Defendant, were made by Defendant after receipt by Defendant of invoices which identified the services which had been requested by Defendant and for which the charges were made and which included all information necessary for Defendant to make an informed determination whether Plaintiff's invoices were final and correct, Defendant made such a determination prior to paying those invoices which it paid, and Defendant thereby determined that Plaintiff was entitled to the payment made and may not now undo its earlier determinations upon which Plaintiff was entitled to rely in rendering future services and in rendering future invoices for those services.

WHEREFORE, Plaintiff Newport Creative Communications, Inc. prays that this Honorable Court dismiss the counterclaims filed by Defendant American Diabetes Association.

By its attorney,

*Kenneth W. Tatarian*
Kenneth H. Tatarian
BBO #492720
101 Arch Street, 9th Floor
Boston, MA 02110-1130
(617) 261-6300

Dated: March 9, 2004

I hereby certify that I served the foregoing document on all counsel of record this 9th day of March, 2004.

*Kenneth W. Tatarian*

411reply