UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEWPORT CREATIVE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN DIABETES ASSOCIATION, <br><br> Defendant. | Civil Action No.: <br> 04-10264-PBS <br><br> Date: April 5, 2004 <br> Time: 2:15 p.m. <br> Location: Ctrm # 13, 5th Fl. <br> Judge: Hon. Patti B. Saris |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and in compliance with the Court's Order of February 13, 2004, Plaintiff Newport Creative Communications, Inc. and Defendant American Diabetes Association, hereby submit their Joint Statement in the above-captioned action.

### I. Introduction

Plaintiff alleges that Defendant is liable for breach of contract, account annexed and M.G.L. c. 93A for Defendant's alleged failure to pay Plaintiff's invoices for certain direct mail services. Plaintiff's Complaint was filed in State Court on January 14, 2004.

Defendant removed the case to this Court and Defendant filed an Answer and Counterclaims to Plaintiff's Complaint on or about February 19, 2004. Defendant's Counterclaims assert that Plaintiff is liable for breach of contract, unjust enrichment, account annexed and M.G.L. c. 93A for Plaintiff's alleged overcharging for certain direct mail services. On March 10, 2004, Plaintiff filed its Reply to Defendant's counterclaims.

All parties have appeared in the case. Plaintiff and Defendants do not anticipate joinder of any additional parties.

On February 13, 2004, The Honorable United States District Court Judge Patti B. Saris issued a Notice of Scheduling Conference setting this case for an April 5, 2004 Initial Scheduling Conference.

## II. Positions of Parties

**Plaintiff's position:**

In its complaint, Plaintiff alleges that Plaintiff entered into a written agreement with Defendant to provide direct mail services to Defendant as and when requested by Defendant, that Defendant called upon Plaintiff to render such services under the agreement and that Plaintiff did so, that Plaintiff rendered timely invoices for its services, copies of which are attached to the complaint, that the written agreement provides in paragraph 6 that Defendant is to make payment to Plaintiff within 30 days from the date of its receipt of each final and correct invoice, and that Defendant has not claimed that any of those invoices are incorrect but has nevertheless failed to pay any of those invoices. Further, Plaintiff alleges that Defendant has now stated that it will not pay Plaintiff for those services on those invoices unless Plaintiff first pays Defendant on a disputed claim which Defendant first raised after Plaintiff made demand that Defendant pay Plaintiff on the invoices attached to the complaint, and the claim asserted by Defendant does not

relate to any of the services for which Plaintiff has invoiced Defendant. In addition to its claims for breach of contract (Count I) and on an account annexed (Count II), Plaintiff brings a claim under Massachusetts General Laws c.93A, §11 (Count III), alleging that Defendant's refusal to pay each invoice is not based upon a good faith dispute that such invoice is not a final and correct one as provided by paragraph 6 of the written agreement, but is made to require Plaintiff, in order to receive any of the monies due to it as shown on the invoices, either to accept less than the amount due as a result of Defendant's disputed claim, or to bring this action to collect the amount due.

Plaintiff has also filed a reply to Defendant's counterclaim. The counterclaim alleges that Plaintiff overcharged Defendant for certain direct mail services other than those reflected in the invoices which are the subject of Plaintiff's complaint. Defendant actually paid the invoices for those other services before this dispute arose, but it now alleges that it should not have made those payments and that those invoices reflected overcharges which were not determined until after the termination date of the written agreement and after Plaintiff made demand for payment on the remaining invoices upon which Plaintiff has now brought suit.

As to that counterclaim, Plaintiff denies that it overcharged Defendant any amount, and states that it issued timely, final and correct invoices for its services, and that it provided to Defendant on each invoice all information necessary for Defendant to make an informed determination whether Plaintiff's invoices were final and correct, and that Defendant did so prior to paying those invoices. Plaintiff also states that prior to Plaintiff calling upon Defendant to pay the invoices which were outstanding as of August 2003, which Defendant has failed to pay, Defendant did not claim that Plaintiff's invoices for those other services were incorrect in any respect whatsoever. Plaintiff also states that it was entitled to rely upon Defendant's payment of

those other invoices in continuing to render services under the written agreement at Defendant's request and in continuing to invoice Defendant for such services. Plaintiff also states that Defendant's payment constituted a determination that Plaintiff's invoices were final and correct under paragraph 6 of the written agreement, and that Plaintiff was entitled to the payment made and that Defendant may not now undo its earlier determinations upon which Plaintiff was entitled to rely in continuing to render services and in rendering invoices for those services.

**Defendant's position:**

Defendant contends that the written agreement between the parties contained a detailed budget for the direct mail services to be provided by Plaintiff. This included a detailed budget (on a cost per thousand basis) for work performed by Plaintiff in acquiring new ADA donors and in renewal of existing ADA donors. Plaintiff's first July 2002 work in this regard was performed at a cost per thousand basis less than that set out in the budget.

Defendant contends that Plaintiff's subsequent work, however, was invoiced at amounts significantly more than the cost per thousand agreed upon by the parties – particularly with respect to materials and mailshop charges. Unfortunately, Plaintiff's invoices did not make this clear. In fact, Defendant alleges that Plaintiff's overcharging was not clear until Defendant performed a detailed audit after termination of the agreement between the parties. Defendant has determined that it was overcharged a total of $526,865.00 by Plaintiff. Defendant seeks reimbursement of that amount in this action on breach of contract, unjust enrichment and account annexed theories developed in Defendant's counterclaims. Defendant further alleges that both Plaintiff's overcharging, Plaintiff's response to inquiries regarding the overcharging, and Plaintiff's refusal to reimburse Defendant for the overcharges amounts to unfair and deceptive acts and practices sufficient to state a claim under Massachusetts General Laws c.93A.

Defendant alleges that based on Plaintiff's overcharging, based on Plaintiff's breach of the agreement by improperly collapsing Defendant's "donor with diabetes" information into one track (causing Defendant significant lost donor revenue), Defendant has no obligation to pay Plaintiff's "outstanding invoices." Therefore, Defendant denies liability for Plaintiff's claims.

### III. Joint Proposed Discovery Plan and Pre-Trial Schedule

The Parties agree to comply with the discovery limitations set forth in Fed.R.Civ.P. 26(b). Counsel for the Parties will appear at the Scheduling Conference prepared to schedule further pre-trial conferences, settlement conferences, and/or the trial date. Pursuant to Judge Saris' February 13, 2004 Notice, and pursuant to Fed.R.Civ.P. 16, Fed.R.Civ.P. 26, and L.R. 16.1 the Parties hereby jointly propose the following Discovery Plan and Pre-Trial Schedule.

A. ADDITIONAL PARTIES/AMENDED PLEADINGS

The Parties propose a May 5, 2004 deadline to file a motion for leave to court to file amended pleadings.

B. INITIAL DISCLOSURES

The Parties intend to serve their Initial Disclosures prior to the April 5, 2004 Initial Scheduling Conference.

C. FACT DISCOVERY

The Parties propose a January 5, 2005 deadline for fact discovery. Except to the extent sought by motion filed prior to October 15, 2004, pursuant to Local Rule 26.1(C), the parties will be limited to ten (10) depositions for each side, not including expert depositions or third-party record custodian depositions.

D. EXPERT DISCLOSURE

The Parties propose a September 5, 2004 deadline to disclose affirmative experts. The Parties propose a November 5, 2004 deadline to disclose rebuttal experts.

E. EXPERT DISCOVERY

The Parties propose a January 5, 2005 deadline for expert discovery.

F. DISPOSITIVE MOTIONS

The Parties propose a February 7, 2005 deadline for dispositive motions. The parties propose that the non-moving party have 30 days to file an opposition to any dispositive motion and propose that the moving party have 15 days to file a reply to the opposition brief.

G. PHASED DISCOVERY

The Parties do not believe that this case warrants bifurcated or phased discovery.

H. MEDIATION

The Parties agree that this case may be appropriate for mediation and propose that mediation would be appropriate at or near the close of fact discovery, or at any time after November 1, 2004.

J. MAGISTRATE JUDGE

The Parties have not agreed to consent to trial of this matter before a Magistrate Judge.

K. LOCAL RULE 16.1(D)(3) CERTIFICATIONS

See the Parties Certifications attached hereto.

Respectfully submitted,

NEWPORT CREATIVE
COMMUNICATIONS, INC.
By its attorney,

Kenneth H. Tatarian, Esquire
101 Arch Street, 9th Floor
Boston, MA 02110-1130
617-261-6300 phone
617-261-6336 fax

_____ for  Date: 3/24/04
Kenneth H. Tatarian (B.B.O. No. 492720)

AMERICAN DIABETES ASSOCIATION
By its attorneys

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
617-788-5015 – phone
617-367-3125 - fax

_____  Date: 3/26/04
Robert P. Joy, Esq., (B.B.O. No. 254820)
Michael Clarkson (B.B.O. No. 646680)